**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SDP Kyrene LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Kyrene Shopping Center LLC, et al.,<br><br>    Defendants. | No. CV-22-00987-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Kyrene Shopping Center ("Kyrene") and LA Laser Center P.C.'s ("LA Laser") Motion for Award of Attorneys' Fees and Litigation Expenses (Doc. 343) and Plaintiff SDP Kyrene LLC's ("SDP") Motion for Attorneys' Fees and Litigation Expenses (Doc. 344). Having reviewed the Parties' Motions, and all papers filed in connection, the Court finds that the Motions are suitable for disposition without oral argument. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

**I.    BACKGROUND**

The relevant factual background and procedural history have been thoroughly addressed in prior orders and in the post-bench trial Findings of Fact and Conclusions of Law. (*See* Doc. 308.) As such, the Court only briefly restates the facts relevant to deciding the pending Motions.

On November 17, 2021, SDP's predecessor-in-interest, SDP 44, LLC, and Kyrene entered into the Agreement for the Purchase and Sale of Property (the "PSA" or the

"Agreement"). Kyrene agreed to sell a shopping center to SDP (the "Property"). Defendant LA Laser is one of the Property's commercial tenants.

The PSA includes a choice-of-law and an attorneys' fees provision. Article 11.4 of the PSA provides that the Agreement shall be interpreted and governed by the laws of the State of Arizona. Article 11.5 of the PSA states as follows:

> 11.5 Attorneys' Fees. In the event of any litigation between the parties regarding this Agreement or the Property, ***the prevailing party*** is entitled to the payment by the losing party of its reasonable attorneys' fees, court costs and litigation expenses, as determined by the court.

(Doc. 221-1 at 17 (emphasis added)).

Prior to closing, the deal soured and fell apart. On May 4, 2022, SDP filed an action for specific performance against Kyrene for conveyance of the Property. (Doc. 1-2.) On October 13, 2022, Kyrene made a settlement offer of judgment pursuant to Federal Rule of Civil Procedure 68 (the "Rule 68 Offer"). This Offer consisted of (1) specific performance of the property in favor of SDP, (2) $400,000 in damages to SDP, and (3) SDP's attorneys' fees up to the time of the offer. (Doc. 346-1 at 7-8.) SDP rejected the offer. The matter was litigated for an additional two years.

SDP sought specific performance, despite availability of other remedies. Article 10.4 of the PSA states that in the event of a seller default prior to close of escrow, the purchaser can pursue one of the following four remedies:

> (i) to waive such default;
>
> (ii) extend the time for performance by such period of time as may be mutually agreed upon in writing by the Parties hereto;
>
> (iii) to terminate this Agreement; and upon such termination, the Deposit will be returned to Purchaser, and Seller will reimburse Purchaser for its reasonable, out of pocket expenses, in an amount not to exceed $50,000.00; or
>
> (iv) to seek specific performance of Seller's obligation to convey the Property to Purchaser, so long as such action for specific performance is filed in a court of law of competent jurisdiction in the State of Arizona, Maricopa County, within sixty (60) days following a Seller Default; provided, however, solely in the event specific performance is unavailable as a remedy to Purchaser, then the Deposit will be refunded to

> Purchaser, and Purchaser may pursue a claim against Seller for its reasonable, out of pocket expenses, in an amount not to exceed $50,000.

(Doc. 228-4 at 16.)

On November 7, 2023, after summary judgment briefing and oral argument, the Court found: (1) in favor of SDP on the breach of contract claim and that SDP could seek specific performance; and (2) in favor of Kyrene on the breach of implied covenant of good faith and fair dealing and the promissory estoppel claims. (Doc. 258 at 25.)

After a four-day bench trial on the surviving claims, the Court issued its Findings of Fact and Conclusions of Law: (1) denying SDP's request for specific performance; and (2) denying Kyrene and LA Laser's counterclaim for declaratory relief as moot. (Doc. 308 at 23.)

Final judgment was entered in favor of SDP on its breach of contract claim. (Doc. 334.)

Both Parties now seek attorneys' fees and litigation expenses.

## II.     LEGAL STANDARD

The Parties seek attorneys' fees under Paragraph 11.5 of the PSA, Federal Rule of Civil Procedure 54, Local Rule of Civil Procedure 54.2, and A.R.S. § 12-341. The Parties' dispute who is the "prevailing party" entitled to attorneys' fees.

Local Rule of Civil Procedure 54.2 provides that the party seeking fees and costs "specify the judgment and cite the applicable statutory or contractual authority upon which the movant seeks an award of attorneys' fees and related non-taxable expenses."

Section 12-341.01 of the Arizona Revised Statutes pertains to recovery of attorney fees. The statute provides, in pertinent part:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.

A.R.S. § 12-341.01(A).

### III.     DISCUSSION

Consistent with the PSA, the Court must determine the "prevailing party" for purposes of awarding attorneys' fees and costs.

The Court first discusses application of A.R.S. § 12-341.01(A) to the PSA, which defines the prevailing party from October 13, 2022 through present. To determine the prevailing party prior to October 13, 2022, the Court applies four factors provided by the totality of the litigation test. Finally, the Court discusses LA Laser's eligibility for attorneys' fees.

#### A.     A.R.S. § 12-341.01(A)

"An award of attorney's fees under A.R.S. § 12-341.01 is discretionary with the trial court, and if there is any reasonable basis for the exercise of such discretion, its judgment will not be disturbed." *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (Ct. App. 1990) (citing *Associated Indem. Corp. v. Warner*, 143 Ariz. 567 (1985)).

The Arizona Supreme Court in *American Power Products, Inc. v. CSK Auto, Inc.* addressed the interplay between A.R.S. § 12-341.01(A) and a contractual provision entitling the "prevailing party" to attorneys' fees. 242 Ariz. 364, 366-68 (2017). The defendant in *American Power* argued that A.R.S. § 12-341.01(A) and Rule 68 of the Arizona Rules of Civil Procedure precluded an award of fees to the plaintiff who failed to accept a more favorable Rule 68 offer. *Id*. The court found that because the contract did not define "prevailing party" but provided an Arizona choice-of-law provision, the second sentence of A.R.S. § 12-341.01(A) was "incorporated by operation of law." *Id*. at 368 (quoting *Banner Health v. Med. Sav. Ins. Co*., 216 Ariz. 146, 150 ¶ 15 (App. 2007)). As a result, the defendant was the successful party from the date of the Rule 68 offer because it "made a written offer for an amount equal to or greater than the final judgment." *Id*. at 369.

*American Power* is squarely applicable to the present case. Kyrene argues that it is the prevailing party because it made a Rule 68 offer which was rejected by SDP and the offer was more favorable than the judgment ultimately obtained. (Doc. 343-1 at 13.)

The Court agrees with Kyrene that the Rule 68 Offer it made on October 13, 2022, was more favorable than the judgment SDP ultimately obtained. SDP ultimately obtained no remedy for Kyrene's breach, while the Offer would have given SDP specific performance, a monetary amount, and attorneys' fees.

The Rule 68 Offer included specific performance of the sale of the property to SDP in accordance with the PSA "subject to the leasehold interest of tenants existing as of the termination of the Feasibility Period." (Doc. 346-1 at 7.) At the end of the Feasibility Period, Kyrene signed a new five-year lease with tenants Di Bo Yo and Cuiqin Zeng, d/b/a Queen's Bowl ("Queen's Bowl"). (Doc. 345 at10-11.) SDP maintains that the Rule 68 Offer was illusory because it was impossible for Kyrene to perform absent the agreement of Queen's Bowl. (Doc. 345 at 10-11.) Kyrene gives numerous reasons as to why the offer was not illusory. (Doc. 346 at 16-18.)

The Court finds that Kyrene's Rule 68 Offer was not illusory. As an initial matter, neither Party makes clear why the Offer requires that conveyance must be made free and clear of leasehold interests. A plain reading of the phrase "subject to the leasehold interest" does not demand conveyance free and clear of any leasehold interests. (*See* Doc. 346-1 at 7.) Second, SDP does not provide proof that Kyrene was unable to convey the Property free and clear of the Queen's Bowl lease. *See Villa v. Furar*, No. 1 CA-CV 13-0653, 2015 WL 3617872, at *9 (Ariz. App. June 9, 2015) ("Absent such evidence, we will not speculate about the legitimacy of these offers, which, on their face, comply with Rule 68."). Plaintiff's representative, David Malin, stated in his Expert Witness Disclosure that the Queen's Bowl lease could be bought out or the business relocated for $600,000. (Doc. 227-2 at 26). Additionally, SDP filed a *lis pendens* on May 5, 2022, giving public notice of this lawsuit (Doc. 225-9 at 2). The *lis pendens* gave Queen's Bowl notice that it "t[ook] the property subject to whatever valid judgment may be rendered in the litigation." *Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 244 (App. 1991).

Thus, the Court finds that pursuant to A.R.S. § 12-341.01(A) and its incorporation into the PSA, Kyrene was the prevailing party from the date of the Rule 68 Offer (October

13, 2022) through present.

### B. Totality of the Litigation Test

The Court applies the totality of the litigation test to determine the prevailing party prior to October 13, 2022. "The trial court possesses discretion to determine who is the successful party in multiple-party litigation and in cases where there are multiple-parties as well as multiple-claims." *Schwartz*, 166 Ariz. at 38 (citing *Pioneer Roofing Co. v. Mardian Construction Co.*, 152 Ariz. 455 (App.1986)).

In determining the prevailing party, a court may "rightfully utilize [either] a 'percentage of success factor' or a 'totality of the litigation' test." *Id*. The percentage of success test is inapplicable because it is "a ratio calculation of the damages actually awarded by the jury to the damages sought by the parties." *Liss v. Exel Transp. Servs. Inc.*, No. CV-04-2001-PHX-SMM, 2009 WL 10708576, at *3 (D. Ariz. July 2, 2009). Here, the Court applies the totality of litigation test because damages were not awarded, and this test "gives the Court flexibility to determine an equitable outcome by considering the entire litigation." *Id*. at *4.

When evaluating the totality of the litigation, courts may consider the following four factors: "(1) Whether the party obtained a monetary judgment; (2) Whether the party against which judgment is entered successfully defended against other claims; (3) Whether the party obtained its primary objective in the litigation; and (4) Whether the parties attempted to settle the dispute, thus avoiding the expense of extended litigation." *Id.* at *3 (citing *Schwartz*, 166 Ariz. at 38).

### 1. Monetary Judgment

Kyrene argues that the monetary judgment factor cuts in its favor. (Doc. 343-1 at 11.) SDP responds that this cannot be the case because Kyrene received no form of monetary relief. (Doc. 345 at 8.) SDP received the return of its $90,000 earnest money deposit because the PSA required it in the event specific performance was unavailable. (Doc. 333 at 6.) But the return of the deposit is not a monetary judgment. (*See* Doc. 336 at 7 (SDP admitting that the deposit was "not damages").) The Court finds the monetary

judgment factor to be neutral because no damages were awarded in the present case.

### 2. Success Against Other Claims

Judgment was entered against Kyrene on the breach of contract issue. (Doc. 334.) SDP did not, however, obtain its chosen remedy of specific performance because the Court found that it failed to satisfy its burden under Arizona law. Kyrene successfully defended against SDP's claims for breach of the implied covenant of good faith and fair dealing and promissory estoppel. (*Id*.) Kyrene was unsuccessful in its counterclaims against SDP for breach of contract, breach of implied covenant of good faith and fair dealing, and interference with business expectancy. (Docs. 35, 92.) Since both Parties successfully defended against claims, the Court finds that this factor is neutral.

### 3. Primary Objective

Both parties argue that they achieved their primary objective in this litigation. Kyrene argues that it achieved its primary objective by defeating SDP's specific performance claim. (Doc. 343-1 at 10-11.) SDP, on the other hand, argues that Kyrene's primary objective throughout the litigation was to show that SDP was the wrongdoer. (Doc 345 at 7-8.)

The Court finds that SDP achieved its primary objective. On one hand, the primary end goal throughout this litigation has been specific performance and conveyance of the Property. Under Article 10.4 of the PSA, three alternative remedies were available, but SDP sought specific performance from the beginning. (Docs. 1-2, 221.) Both Parties spent the bulk of this litigation on the specific performance issue. *See All Am. Distrib. Co. v. Miller Brewing Co*., 736 F.2d 530, 532 (9th Cir. 1984) ("In essence, this was an action for an injunction pending arbitration, with damages claims appended" because "[t]he parties spent the bulk of their time litigating the injunction issue."). But on a more fundamental level, this is a breach of contract case. The central issue which specific performance hinged on is whether Kyrene breached the PSA. (Doc. 221, Count 1 at 2-6.) And judgment was entered in favor of SDP on the breach of contract claim. (Doc. 334.) That SDP did not ultimately achieve specific performance does not mean that they were unsuccessful. *See*

*Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 14 (Ct. App. 2011) ("Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees."). Because it won on the central issue, this factor weighs in favor of SDP.

### 4. Attempts to Settle

Kyrene argues that the settlement factor weighs heavily in its favor because of its numerous settlement offers. (Doc. 343-1 at 12.) SDP argues that this factor should be given neutral weight because both Parties engaged in settlement discussions throughout the entirety of the litigation. (Doc. 345 at 9.)

While both Parties engaged in settlement discussions, this factor weighs in favor of Kyrene based on its substantial Rule 68 Offer. As discussed more thoroughly above, Kyrene made significant efforts to resolve the litigation, including a Rule 68 Offer which would have provided judgment entered against Kyrene, specific performance of the Property, $400,000 in damages to SDP, and SDP's attorney fees up to the time of the offer. (Doc. 343-2 at 7-8.) This offer was significantly more favorable to SDP than the outcome of the litigation. Yet SDP rejected the offer, forcing expensive and protracted litigation.[*] This factor weighs in favor of Kyrene.

### 5. No Clear Prevailing Party

In certain circumstances, a court may find that there was no clear prevailing party. For instance, in *Liss*, the Court applied the above factors and found that there was no clear answer. 2009 WL 10708576, at *4-5. The court concluded that "neither party was the prevailing party in the litigation. Both parties had its successes and both parties had its failures. Both parties were focused on being the winner–regardless the cost." *Id*.

Here, the Court similarly finds compelling circumstances that there was no prevailing party prior to October 13, 2022. Two factors had neutral weight, while the other two factors each weighed in favor of opposite parties. Because there is no clear prevailing

---

[*] Given the Court's understanding of this case having presided over it for almost three years, it is hard to understand why SDP rejected Kyrene's offer. It would have given SDP exactly what it wanted, specific performance. Moreover, it would have provided SDP with a substantial monetary amount whereas the PSA limited monetary damages to $50,000. And attorneys' fees would have been paid. SDP walked away from what appears to have been a good deal.

party, Article 11.5 of the PSA does not apply prior to the Offer. *See id.* at *6 ("[T]he contractual term does not apply when neither party prevails."). The Court finds this result appropriate in the instant case because "[a] rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract." *Clean Harbors Env't Servs., Inc. v. 96-108 Pine St. LLC*, 286 A.3d 838 (R.I. 2023) (citing *KCIN, Inc. v. Canpro Investments, Ltd.*, 675 So. 2d 222, 223 (Fla. Dist. Ct. App. 1996)).

In sum, the Court finds that Kyrene is the prevailing party from October 13, 2022 through present under Article 11.5 of the PSA and A.R.S. § 12-341.01(A). The Court further finds that there is no clear prevailing party from the outset of the litigation through October 13, 2022, under the totality of the litigation test. As such, Parties must bear their own fees for expenses which occurred prior to October 13, 2022. Kyrene is eligible for an award of its fees and expenses which occurred on or after October 13, 2022.

### C.  LA Laser

LA Laser claims that it is entitled to a fee award pursuant to A.R.S. § 12-341.01(A). (Doc. 343-1 at 14-17.) LA Laser claims that it is eligible for a fee award under the statute because its promissory estoppel claim "arises out of a contract." (Doc. 343-1 at 14.) SDP responds that LA Laser is not eligible for an award because it is not a party to the PSA. (Doc. 345 at 13.)

The Court finds that LA Laser is not eligible for a fee award because A.R.S. § 12-341.01(A) does not apply to a promissory estoppel claim. *Double AA Builders, Ltd. v. Grand State Const. L.L.C.*, 210 Ariz. 503, 511 (App. 2005) ("[A] recovery based on promissory estoppel does not arise out of an express or implied contract within the meaning of § 12-341.01(A)").

### III.  CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** granting in part Defendants' Motion for Attorneys' Fees. (Doc. 343). The Court finds that Kyrene is entitled to attorneys' fees and litigation expenses on

or after October 13, 2022. Both Parties are responsible for their own expenses prior to that date. Defendants' Motion is denied in all other respects.

**IT IS FURTHER ORDERED** Kyrene may file a motion for attorneys' fees specifying the amount sought pursuant to Local Rule of Civil Procedure 54.2 and Federal Rule of Civil Procedure 54 by **April 28, 2025**.

**IT IS FURTHER ORDERED** denying SDP's Motion for Attorneys' Fees. (Doc. 344.)

**IT IS FINALLY ORDERED** vacating oral argument set for May 6, 2025. (Doc. 347.)

Dated this 14th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge